IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ARTHUR JOYAL BARKER, #1290750, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:20-cv-558-JDK-KNM |
| | § | |
| RUSSELL KELLY, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Arthur Joyal Barker, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Before the Court is Defendant Russell Kelly's motion to dismiss Plaintiff's claims. Docket No. 13. On June 23, 2021, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendant's motion and dismiss this case with prejudice for failure to state a claim upon which relief can be granted. Docket No. 38. Plaintiff timely objected. Docket No. 39.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

1

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff repeats his underlying claim: Defendant Kelly acted with deliberate indifference to his serious medical needs by "abandoning" him during a heart procedure and leaving clogged stents inside the site area after he was transferred from his prison unit to Palestine Regional Medical Center. Plaintiff asserts that Defendant did not act "with sound medical judgment" and that "Dr. Kelly's judgment was not professional." Docket No. 39 at 13–16.

However, as Judge Mitchell correctly explained, Plaintiff's disagreement about medical procedures or judgment does not state a claim for medical deliberate indifference. *See Gibson v. Collier*, 920 F.3d 212, 220 (5th Cir. 2019) ("There is no Eighth Amendment claim just because an inmate believes that 'medical personnel should have attempted different diagnostic measures or alternative methods of treatment.'").

Additionally, Plaintiff's assertions that Defendant Kelly should have done something different does not state a claim for medical deliberate indifference. *See, e.g., Sanchez v. Oliver*, 995 F.3d 461, 475 (5th Cir. 2021) ("The *Domino* court concluded that the doctor 'did not believe the threat was genuine. [His] diagnosis was wrong. But . . . an incorrect diagnosis does not amount to deliberate indifference.'" (quoting *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001))); *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019) ("Medical treatment that is

2

merely unsuccessful or negligent does not constitute deliberate indifference, 'nor does a prisoner's disagreement with his medical treatment absent exceptional circumstances.'" (quoting *Gobert v. Caldwell*, 463 F.3d 139, 346 (5th Cir. 2006))).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 38) as the opinion of the District Court. The Court **GRANTS** Defendant Kelly's motion to dismiss (Docket No. 13), and Plaintiff's claims are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

**Signed this**
**Jul 14, 2021**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE